UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS JOINT PENSION TRUST; TRUSTEES OF THE CEMENT MASONS AND PLASTERERS VACATION SAVINGS TRUST; AND TRUSTEES OF THE CEMENT MASONS AND PLASTERERS JOINT APPRENTICESHIP TRAINING TRUST, | 2:09-cv-02231-LRH-GWF<br><br>ORDER |
| Plaintiffs, | |
| v. | |
| RUBEN G. VASQUEZ, an individual; and S&G FIREPROOFING, INC., a revoked Nevada corporation, | |
| Defendants. | |

Before the court is Plaintiffs' Supplemental Brief (#25) in support of their unopposed Motion for Summary Judgment Against Defendant Ruben G. Vasquez (#18).

## I.     Facts and Procedural History

Plaintiffs' supplement follows this court's order (#24) of September 29, 2011, granting in part and denying in part Plaintiffs' motion for summary judgment.  The court determined that Vasquez was a fiduciary only as to employer contributions due during the time period from January 2008 until Advanced Demolition Technologies, Inc.'s ("ADT") bankruptcy filing on June 24, 2008, *see* 29 U.S.C. § 1002(21)(A); that Vasquez breached his fiduciary duties by failing to make employer contributions to the trusts that were within his control, *see id.* § 1104(a)(1)(A)(i); and that Vasquez may be held personally liable as a fiduciary for delinquent contributions due prior to ADT's bankruptcy, *see id.* § 1109(a).  Nonetheless, because the court determined that Vasquez was personally liable for only a portion of the unpaid employer contributions to the trusts, the court deferred entry of judgment pending supplemental briefing on the recoverable amounts of unpaid contributions, liquidated damages, interest, administrative fees, and attorney's fees and costs.

Plaintiffs submitted their supplemental brief on October 26, 2011.  Plaintiffs' supplemented motion for summary judgment remains unopposed.

## II.     Legal Standard

While the nonmoving party's failure to file points and authorities in response to any motion is deemed to constitute consent to the granting of the motion under Local Rule 7-2(d), the failure to file an opposition, in and of itself, is not sufficient to grant summary judgment.  *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).  The moving party must still meet its affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law.  *Id.*  Thus, the absence of an opposition does not change Plaintiffs' burden, and the court will consider Plaintiffs' motion on the merits, subject to the usual burdens and standard of review applicable to motions for summary judgment.  (*See* Order (#24), pp. 6-7.)

**III.    Discussion**

Section 1109(a) provides that an ERISA fiduciary that "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a).

**A.  Unpaid Contributions**

Plaintiffs have presented evidence indicating that, as a result of Vasquez's failure to pay employer contributions for the period January 1, 2008, through May 31, 2008, the Laborers Trust Funds[1] and the Cement Masons Trust Funds[2] have suffered losses, respectively, of $197,413 and $72,330 in unpaid employee benefit contributions.[3]

Regarding the Cement Masons Trust Funds, the court finds that the $3,459 in unpaid contributions from May 2008 are not recoverable.   Plaintiffs' damages calculations for the Cement Masons Trust Funds are erroneously based on a due date of the 20th of the month following the month of work (#25, p. 6), when in fact Section III(B) of the applicable plan documents specifies that contributions are due "by the 30th of the month . . . following the month of work" (#17-3, p. 3).  Accordingly, the contributions for the month of May 2008 did not become due until June 30, 2008, after ADT's bankruptcy filing on June 24, 2008.  The May 2008 contributions are therefore

---

[1]The "Laborers Trust Funds" include Plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust.

[2]The "Cement Masons Trust Funds" include Plaintiffs Trustees of the Cement Masons and Plasterers Health and Welfare Trust, Trustees of the Cement Masons and Plasterers Joint Pension Trust, Trustees of the Cement Masons and Plasterers Vacation Savings Trust, and Trustees of the Cement Masons and Plasterers Joint Apprenticeship Training Trust.

[3]As to the Cement Masons Trust Funds, Plaintiffs' computation table mistakenly excludes the January 2008 contributions from the column totals.  The court has therefore adjusted Plaintiffs' figures to reflect the actual column totals.

1   beyond the scope of the court's prior order finding Vasquez in control of and personally liable for

2   only those contributions due before ADT's bankruptcy filing.

3       Having made these adjustments, the court finds that Vasquez is personally liable for unpaid

4   contributions totaling $197,413 for the Laborers Trust Funds and $68,871 for the Cement Masons

5   Trust Funds.

6       **B.  Pre-judgment Interest**

7       Plaintiffs also seek pre-judgment interest on the unpaid contributions at a rate of 14%,

8   simple interest, from the due date of the contributions, pursuant to the terms of the plan documents

9   and ERISA.  *See* 29 U.S.C. § 1132(g)(2) (in actions against an employer under § 1145, providing

10  recovery for "interest on the unpaid contributions," which "shall be determined by using the rate

11  provided under the plan").

12      Section 1109(a), governing damages on actions against a fiduciary, does not specifically

13  provide for pre-judgment interest on unpaid contributions.  Instead, it provides that a fiduciary may

14  be held personally liable for consequential damages, disgorgement of profits made by the fiduciary

15  with plan assets, and "such other equitable or remedial relief as the court may deem appropriate."

16  29 U.S.C. § 1109(a).  Nonetheless, Plaintiffs contend that Vasquez should be held liable to the

17  same extent as an employer would be under § 1132(g)(2) because a fiduciary's failure to remit

18  employee benefit contributions causes the same damages that an employer's delinquencies cause.

19      The court declines to automatically apply the statutory damages provisions of § 1132(g) to

20  actions against a fiduciary under § 1109(a).  Section 1109(a) specifically provides for the measure

21  of damages in actions against an ERISA fiduciary, and those provisions plainly differ from the

22  statutory damages provided under § 1132(g)(2) in actions against employers.  While Congress

23  could have easily provided the same measure of damages in each case, it specifically distinguished

24  between actions against employers and fiduciaries in providing the measure of damages.

25

26

The court also finds that Plaintiffs have failed to present any evidence or otherwise establish that Vasquez is subject to the damages provision of the plan documents, or that interest at 14% is a reasonable estimate of the losses to the plan resulting from Vasquez's breach of fiduciary duties. Indeed, aside from the unpaid contributions, there is no evidence before the court of any other losses resulting from the breach or any profits made by Vasquez through use of the unpaid contributions.  *See* 29 U.S.C. § 1109(a).  Accordingly, the court shall deny Plaintiffs' request for pre-judgment interest.

**C.  Liquidated Damages**

Plaintiffs also seek liquidated damages pursuant to § 1132(g)(2)(C) and the plan documents of the higher amount of twenty percent of the unpaid contributions or accrued interest.  However, for the same reasons stated above, the court declines to award liquidated damages.

Indeed, even if liquidated damages were recoverable under the plan documents, the court would find the liquidated damages provision void as a penalty.  The Ninth Circuit has twice held that liquidated damages provisions providing for twenty percent of unpaid contributions are not a reasonable forecast of damages and are therefore void as a penalty.  *See Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796, 798 (9th Cir. 1990); *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 217-18 (9th Cir. 1989) ("Where the damages stipulated are unreasonable, a court will refuse to enforce the agreement on public policy grounds.").  In each case, there was no evidence indicating that the liquidated damages provision was the result of a good faith attempt to set an amount equivalent to anticipated damages or a reasonable forecast of just compensation for the harm actually caused by the delinquency.  *Parkhurst*, 901 F.2d at 798; *accord Idaho Plumbers*, 875 F.2d at 217-18.

The record here is likewise lacking in any such evidence.  Moreover, in electing to seek liquidated damages in amounts equal to accrued interest ($109,454 and $35,044), rather than at the lower twenty percent flat rate, Plaintiffs have effectively sought liquidated damages at rates

1   exceeding fifty percent of the unpaid contributions ($197,413 and $68,871).  Such a measure is

2   lacking in any justification and beyond any "reasonable forecast of just compensation for the harm

3   caused" by the failure to remit employer contributions.  *Idaho Plumbers*, 875 F.2d at 217.  The

4   court shall therefore deny Plaintiffs' request for liquidated damages.

5   **D.  Attorneys' Fees**

6   Finally, Plaintiffs seek attorneys' fees and costs of $23,765, prorated between the Laborers

7   Trust Funds and Cement Masons Trust Funds based on their respective recoveries in this action.

8   Such amounts include $18,606 in accrued attorneys' fees, $158.58 in accrued costs, and $5,000 for

9   attorneys' fees that Plaintiffs anticipate incurring in collecting on the judgment.

10   Although § 1132(g)(2) provides for mandatory attorney's fees and costs in an action against

11   an employer to enforce § 1145, the court has already determined that the provision is inapplicable

12   because this is an action against a fiduciary under § 1109.  Nonetheless, subsection (g)(1) provides

13   that "[i]n any action under this subchapter [including § 1109] . . . the court in its discretion may

14   allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  In

15   exercising this discretion, the court considers, among other things, the following factors: "'(1) the

16   degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to

17   satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter

18   others from acting in similar circumstances; (4) whether the parties requesting fees sought to

19   benefit all participants and beneficiaries of an ERISA pan or to resolve a significant legal question

20   regarding ERISA; and (5) the relative merits of the parties' positions.'"  *Carpenters S. Cal. Admin.*

21   *Corp. v. Russell*, 726 F.2d 1410, 1415 (9th Cir. 1984) (quoting *Hummell v. S.E. Rykoff & Co.*, 634

22   F.2d 446, 453 (9th Cir. 1980)).

23   Having considered these factors, the court finds an award of attorneys' fees and costs

24   appropriate in this matter.  The court also finds, however, that there is no basis for an award of

25   anticipated attorneys' fees.  Also, given that the court has denied Plaintiffs' motion for default

26                                                           6

1  judgment against S&G Fireproofing, Inc., dismissed S&G as a defendant, and granted only partial

2  recovery against Vasquez, the court finds that Plaintiffs are entitled to only a portion of the

3  attorneys' fees incurred in prosecuting this action.

4       IT IS THEREFORE ORDERED that Plaintiffs' Supplemental Brief (#25) in support of

5  their Motion for Summary Judgment Against Defendant Ruben G. Vasquez (#18) is GRANTED in

6  part and DENIED in part.  Judgment shall be entered against Defendant Ruben G. Vasquez and in

7  favor of the Laborers Trust Funds for $197,413 in damages and $7,500 in attorneys' fees and costs,

8  and in favor of the Cement Masons Trust Funds for $68,871 in damages and $2,500 in attorneys'

9  fees and costs.

10       The Clerk of the Court shall enter judgment accordingly.

11       IT IS SO ORDERED.

12       DATED this 16th day of April, 2012.

13

14

15  _____

16  LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

7